852 F.2d 568
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald Ray HARDIN Plaintiff-Appellant,
v.
Irvin H. ROBERTS, Jr., Defendant-Appellee.
 No. 87-5791.
 United States Court of Appeals, Sixth Circuit.
 July 15, 1988.
 
 Before LIVELY and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Donald Ray Hardin appeals the district court's judgment dismissing, with prejudice, his claim under 42 U.S.C. Sec. 1983 as untimely filed under the applicable statute of limitations. Upon consideration, we find that the district court erred in dismissing Hardin's complaint on this ground. Therefore, we reverse and remand this case for further development of the record with respect to the alleged deprivation.
 
 I.
 
 2
 On October 29, 1983, plaintiff-appellant, Donald Ray Hardin, was the driver of a vehicle involved in a collision in Jefferson County, Kentucky. Two persons in the automobile that collided with Hardin's car were killed and Hardin himself was knocked unconscious as a result of the accident. Among those present at the scene was defendant-appellee, Irvin H. Roberts, Jr., a Jefferson County Police Officer. Roberts had been dispatched to the scene to assist in the investigation of the accident. In addition to Roberts, one other police officer was at the scene, as were volunteer firemen and emergency medical personnel. In conducting the investigation, defendant Roberts evidently retrieved a number of objects strewn about the scene and placed them in Hardin's vehicle, from which he states he believed them to have been ejected on impact. Among these objects were two or three empty beer cans.
 
 
 3
 Several days later, on November 3, 1983, Roberts secured an arrest warrant against Hardin on charges of second degree manslaughter, first degree wanton endangerment, drunkenness in a public place, and reckless driving. In securing the warrant against Hardin, Officer Roberts swore that:
 
 
 4
 when officers arrived at the scene, [Hardin] smelled strongly of alcohol and there were empty beer cans on the floor of [Hardin's] car.
 
 
 5
 J.App. at 36. Hardin, who was hospitalized until November 14, 1983, because of his injuries in the accident, was served with the arrest warrant on the date of his release from the hospital.
 
 
 6
 Subsequently, on December 9, 1983, a probable cause hearing was held regarding the charges filed against Hardin. At this hearing, Officer Roberts confirmed his earlier statement made in the warrant that beer cans were found in Hardin's car, and underwent questioning about the beer cans by Hardin's defense counsel. There was also evidence introduced regarding blood alcohol work-ups conducted on Hardin at Humana Hospital, where he was transported for treatment, which revealed a .28 alcohol level at the time of the accident. Upon determination by the presiding judge that there was probable cause to believe that an indictable offense had been committed by Hardin, the case was submitted to the grand jury. Officer Roberts was not questioned about the beer cans at the grand jury proceedings held on January 23, 1984, February 7, 1984, or February 27, 1984. On the last of these dates, Hardin was indicted on charges of murder (two counts), public intoxication, and reckless driving.
 
 
 7
 Officer Roberts was again questioned about the beer cans at the trial of the case, commencing on December 5, 1985. At that time, Roberts admitted that the cans had not been found inside of Hardin's car, but that he [Roberts] had placed them there, believing that the cans had been ejected from Hardin's car as a result of the crash. Roberts acknowledged that this was not standard police procedure, but a mistake on his part.
 
 
 8
 Subsequently, Hardin was acquitted of the charges against him. On December 4, 1986, he initiated this section 1983 action alleging, inter alia, that Officer Robert's actions in placing the beer cans in his car were "intentionally done, with malice and in bad faith ... in order to falsify and fabricate evidence to used [sic] against [Hardin] ... all under color of state law, and in violation of [Hardin's] constitutional rights." J.App. at 3-4. Hardin also alleged in his complaint that Roberts's planting of beer cans in his car was "fraudulently concealed by [Roberts] until December 6, 1985" when Roberts admitted his wrongdoing for the first time at Hardin's criminal trial. Id. at 4.
 
 
 9
 On April 29, 1987, Roberts filed a motion for summary judgment with the trial court in which he argued that Hardin's claim was barred by the one-year personal injury limitations period contained in Kentucky Revised Statutes ("KRS") 413.140(1)(a), and made applicable to section 1983 actions by operation of the rule announced in Wilson v. Garcia, 471 U.S. 261 (1985). Roberts argued in his motion that Hardin, who had maintained all along that there were no beer cans in his car when the accident occurred, should have discovered in the exercise of reasonable diligence by no later than November 14, 1983, that beer cans had been placed in his car on the night of the accident. On that date (November 14), Hardin was served with the arrest warrant indicating that beer cans had been found, and Roberts argued that Hardin then became obligated to make an inquiry as to how the cans got there.
 
 
 10
 The district court, in a Memorandum Opinion, granted Roberts's summary judgment motion. The court agreed with Roberts's argument that, on the date Hardin was served with the arrest warrant, he was clearly put on notice that someone had placed beer cans in his automobile. J.App. at 9. In addition, the court concluded that Hardin, through the exercise of reasonable diligence, could have discovered whether or not he had been wronged by Officer Roberts on December 19, 1983, the date the probable cause hearing was held. On that date, the court said, Hardin "cross-examined defendant and had ample opportunity to determine the fact that Defendant placed beer cans in plaintiff's car." Id. at 9-10. Accordingly, the district court concluded that Hardin's claim against Roberts accrued no later than December of 1983, and was therefore not filed within the one-year limitations period. Hardin filed this timely appeal.
 
 II.
 
 11
 The parties are in agreement that the one-year personal injury limitations period contained in KRS 413.140(1)(a) applies to this section 1983 action by virtue of the rule announced in Wilson v. Garcia, 471 U.S. 261 (1985). The parties further agree that the "time of discovery" rule articulated in Hackworth v. Hart, 474 S.W.2d 377 (Ky.1971) governs the question of when Hardin's cause of action accrued. Our sole inquiry is whether the district court erred in concluding via summary judgment that Hardin either discovered, or through the exercise of reasonable diligence should have discovered, his alleged injury prior to December 4, 1985.
 
 
 12
 Summary judgment is proper only when (1) the pleadings, depositions, affidavits or other material permitted by Rule 56(c) show that there is no disputed issue of material fact, and (2) on the agreed facts, the moving party is entitled to prevail as a matter of law. Fed.R.Civ.P. 56(c). A statute of limitations defense is properly asserted in a motion for summary judgment, and should be granted if the action clearly is barred. But, if the running or tolling of the statute requires the adjudication of issues of fact, the motion should be denied. C. Wright & A. Miller, Federal Practice and Procedure Sec. 2734 at 407-08 (1983). In reviewing summary judgment for the defendant, this court must view the entire record in the light most favorable to the plaintiff. Sequoyah v. Tennessee Valley Authority, 620 F.2d 1159 (6th Cir.1980).
 
 
 13
 Under this standard, the district court erred in concluding that Hardin's action was barred by the applicable statute of limitations. Officer Roberts twice swore that the beer cans were found inside Hardin's car by police officers, and did not admit that he placed them there until the trial of the case on December 6, 1985. Given that Hardin was unconscious when Roberts put the beer cans in his automobile, and that Roberts confirmed his earlier sworn statement under questioning at the probable cause hearing, we find it difficult to understand by what means Hardin was to ascertain how the cans arrived in his car. In any event, when viewed in the light most favorable to Hardin, the facts in this case do not support the district court's grant of defendant's motion for summary judgment.
 
 
 14
 For the reasons stated herein, we conclude that the district court's grant of defendant's summary judgment motion was in error. We therefore REVERSE and REMAND this case for further development of the record with respect to the alleged deprivation.